24-2084-cv
Wilmington Sav. Fund Soc'y, FSB v. Canadian Pac. Ry. Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
*Circuit Judges*.

-------------------------------------------------------------------

WILMINGTON SAVINGS FUND SOCIETY, FSB,
SOLELY IN ITS CAPACITY AS SUCCESSOR
TRUSTEE OF THE 2.45% NOTES DUE 2031 AND
3.00% NOTES DUE 2041 ISSUED BY
CANADIAN PACIFIC RAILWAY COMPANY,

*Plaintiff-Appellant*,

WILMINGTON SAVINGS FUND SOCIETY, FSB,
SOLELY IN ITS CAPACITY AS SUCCESSOR
TRUSTEE OF THE 3.00% NOTES DUE 2041
ISSUED BY CANADIAN PACIFIC RAILWAY
COMPANY,

*Plaintiff*,

v.                                          No. 24-2084-cv

CANADIAN PACIFIC RAILWAY LIMITED,
CANADIAN PACIFIC RAILWAY COMPANY,
CANADIAN PACIFIC KANSAS CITY LIMITED,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      MARK T. STANCIL (Donald
                              Burke, *on the brief*), Willkie Farr
                              & Gallagher LLP, Washington,
                              DC


FOR DEFENDANTS-APPELLEES:      JEFFREY B. WALL, Sullivan &
                               Cromwell LLP, Washington,
                               DC (Adam S. Paris, Sullivan &
                               Cromwell LLP, Los Angeles,
                               CA; Andrew J. Finn, Sullivan &
                               Cromwell LLP, New York, NY,
                               *on the brief*)

Appeal from a judgment of the United States District Court for the

Southern District of New York (Paul A. Engelmayer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Wilmington Savings Fund Society, FSB ("WSFS") appeals from an

August 5, 2024 judgment of the United States District Court for the Southern

2

District of New York (Engelmayer, *J.*) dismissing WSFS's breach of contract claims against Canadian Pacific Railway Limited, Canadian Pacific Railway Company, and Canadian Pacific Kansas City Limited (collectively, "Canadian Pacific"). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

This appeal concerns $2.4 billion in corporate debt notes issued by Canadian Pacific to help finance a railroad merger and now held by investors represented by WSFS. The notes are governed by a Fifth Supplemental Indenture (the "Supplemental Indenture"). Section 3.1 of the Supplemental Indenture requires Canadian Pacific to redeem the notes early if it "determines in its reasonable judgment that STB Final Approval (as defined herein) will not be sought or has not or will not be received prior to March 25, 2023." Joint App'x 1031. Section 3.3, in turn, defines "STB Final Approval" as follows:

> a decision of the United States Surface Transportation Board, which shall become effective and which decision shall not have been stayed or enjoined, that constitutes a final agency action approving, exempting or otherwise authorizing the acquisition of control over Kansas City Southern's railroad operations by [Canadian Pacific] and

3

its affiliates, without the imposition of conditions that [Canadian Pacific] in its sole discretion has deemed to be unacceptable.

Joint App'x 1035.

On March 15, 2023, the Surface Transportation Board ("STB") issued a final decision approving the merger, with a future effective date of April 14, 2023. *See* Joint App'x 562 ("This decision will be effective on April 14, 2023."). WSFS concedes that this decision met all the requirements for "STB Final Approval" except for the requirement that the STB decision "shall become effective." WSFS argues that the phrase "shall become effective" required the decision to be effective by March 25, 2023, while Canadian Pacific contends that a decision that was issued by March 25, 2023 and would become effective at a definite future date sufficed to meet the requirement.

When Canadian Pacific did not redeem the notes early, WSFS sued for breach of contract. The District Court dismissed WSFS's claims under Federal Rule of Civil Procedure 12(b)(6) on two independent grounds: first, the Supplemental Indenture required only a final STB decision by March 25, 2023 that would become effective at a definite point in the future; and second, Canadian Pacific had, consistent with Section 3.1, determined in its reasonable

4

judgment that the requirements for early redemption were not met.

## DISCUSSION

We review the District Court's dismissal *de novo*. *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011). Although the District Court provided two grounds for dismissal, we need address only whether the conditions requiring the early redemption of the notes were met. For substantially the reasons set forth in the District Court's opinion and order of August 2, 2024, we conclude that Canadian Pacific's interpretation of the contract is correct as a matter of law and that the Supplemental Indenture required only that the STB decision be rendered by March 25, 2023 and become effective at a definite point in the future. *See Wilmington Sav. Fund Soc., FSB v. Canadian Pac. Ry. Ltd.*, 23-CV-6787, 2024 WL 3640547 (S.D.N.Y. Aug. 2, 2024).

We limit our conclusion to the specific regulatory context in which the Supplemental Indenture was entered. Under the regulatory scheme governing STB approvals, an STB decision "*will become effective* 30 days after it is served, unless the [STB] provides for the action to become effective at a different date." 49 C.F.R. § 1115.3(f) (emphasis added). The regulatory scheme thus anticipates that in the ordinary course there will be a 30-day period between the date a

5

decision is issued and its effective date.   The term "shall become effective" in Section 3.3 of the Supplemental Indenture mirrors this regulatory language, with the only difference being that "shall" replaces "will."   Joint App'x 1035.   Section 3.1, which provides that "STB Approval" may or may not be "*received* prior to March 25, 2023," bolsters our conclusion.   Joint App'x 1031 (emphasis added). The term "received" confirms that the crucial event is the issuance of "a decision of the [STB]" (something that can be "received" by Canadian Pacific), rather than the expiration of a 30-day period (something that cannot be "received").   Joint App'x 1035.   For these reasons, we agree with the District Court that the Supplemental Indenture required only that the STB decision, which was timely issued before March 25, 2023, be effective at a definite future point.   Because we affirm on this ground, we need not decide whether Canadian Pacific reasonably determined that the requirements for the early redemption of the notes were not met.

**CONCLUSION**

We have considered WSFS's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court